1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SHARON SMITH, *ET AL.*,                         Case No. 15-cv-00427-BAS(WVG)

                                  Plaintiffs,       **ORDER GRANTING**
12                                                  **DEFENDANT'S MOTION TO**
                                                    **DISMISS FIFTH AND SEVENTH**
13        v.                                        **CAUSES OF ACTION AND**
                                                    **REMANDING CASE TO STATE**
     CITYFRONT TERRACE                              **COURT FOR DECISION ON**
14   HOMEOWNERS ASSOCIATION,                        **REMAINING CAUSES OF**
     *ET AL.*,                                      **ACTION**
15
                                  Defendants.       (ECF No. 28)
16

17

18   AND RELATED COUNTERCLAIM

19

20   **I.    INTRODUCTION**

21         Defendant Epsten Grinnell & Howell removed this case from state to federal

22   court after Plaintiffs filed a Second Amended Complaint, adding the second cause of

23   action alleging a violation of the Federal Fair Debt Collections Practices Act.  (ECF

24   No. 1.)  On March 7, 2016, after a Joint Motion by the parties, this Court dismissed

25   Epsten Grinnell & Howell as a Defendant and dismissed the second cause of action

26   for a violation of the Federal Debt Collections Practices Act.  (ECF No. 41.)

27         Defendant Cityfront Terrace Homeowners Association ("HOA") moves to

28   dismiss the remaining causes of action pursuant to Rule 12(b)(6).  (ECF No. 28.)  The

1    Court finds this motion suitable for determination on the papers submitted and

2    without oral argument.  *See* Civ. L.R. 7.1(d)(1).  This Court **GRANTS** the Motion to

3    the extent it requests dismissal of the fifth cause of action for a violation of the

4    Federal Fair Housing Act and the seventh cause of action for a violation of the

5    California Fair Housing Act.  Because the fifth cause of action is the only remaining

6    federal cause of action, the Court declines to exercise supplemental jurisdiction over

7    the remaining state causes of action and **REMANDS** the case back to the state court

8    for decision on the remaining state court causes of action.

9    **II.    STATEMENT OF FACTS**

10       Plaintiffs live in a condo at 500 West Harbor #816.  (ECF No. 22, Third

11   Amended Complaint ("TAC") ¶6.)   Presumably, the HOA is the homeowners

12   association at this condominium complex.  Apparently, the HOA attempted to collect

13   what they alleged were overdue assessments from the Smiths and, when the Smiths

14   failed to pay the assessments, instituted foreclosure proceedings and barred Plaintiffs

15   from using the common areas of the condominium complex.[1]

16       Plaintiffs allege that Mrs. Smith suffers "from an advanced arthritic

17   condition," and that the HOA was aware of this condition.  (TAC  ¶107.)  According

18   to Plaintiffs, "[t]he HOA intentionally singled Plaintiffs out for deactivation of their

19   key cards because the HOA knew of Mrs. Smith's handicap" and were using her

20   handicap to coerce her to pay the HOA assessments.  (TAC ¶110.)  "By deactivating

21   her key cards, the HOA refused to allow Mrs. Smith use of the elevator that directly

22   accesses her unit.  Instead, the HOA forced her to engage in additional physical

23   exertion and take more than one elevator to simply go from the garage to her unit."

24   (TAC  ¶113.)   On June 25, 2014, when apparently confronted with their

25

26   _____

27   [1] These facts are largely derived from the pleadings filed in support of and in opposition to the
Motions to Dismiss along with earlier iterations of the Complaint, since much is omitted from the
TAC.

28

1  discrimination, "the HOA admitted its discrimination by allowing Mrs. Smith full

2  elevator access." (TAC ¶114.)

3  **III.    LEGAL STANDARD**

4      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

5  Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R.

6  Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court

7  must accept all factual allegations pleaded in the complaint as true and must construe

8  them and draw all reasonable inferences from them in favor of the nonmoving party.

9  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a

10  Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,

11  rather, it must plead "enough facts to state a claim to relief that is plausible on its

12  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial

13  plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged."

15  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 556).

16  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

17  liability, it stops short of the line between possibility and plausibility of 'entitlement

18  to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

19      "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

20  relief' requires more than labels and conclusions, and a formulaic recitation of the

21  elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting

22  *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need

23  not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference

24  the court must pay to the plaintiff's allegations, it is not proper for the court to assume

25  that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants

26  have violated the…laws in ways that have not been alleged." *Associated Gen.*

27  *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

28  (1983).

1    Courts may not usually consider material outside the complaint when ruling

2  on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d

3  1542, 1555 n.19 (9th Cir. 1990).  However, documents specifically identified in the

4  complaint whose authenticity is not questioned by parties may also be considered.

5  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on

6  other grounds).  Moreover, the court may consider the full text of those documents

7  even when the complaint quotes only selected portions.  *Id*.  It may also consider

8  material properly subject to judicial notice without converting the motion into one

9  for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

10    As a general rule, a court freely grants leave to amend a complaint which has

11  been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied

12  when "the court determines that the allegation of other facts consistent with the

13  challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co.*

14  *v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

15  **IV.   ANALYSIS**

16    Under the Federal Fair Housing Act ("FHA"), it is unlawful to discriminate

17  against any person "in the provision of services or facilities in connection" with a

18  dwelling because of a handicap.  42 U.S.C. § 3604(f)(2).  Contrary to the arguments

19  of the HOA, the statute is not limited to those who are in the process of renting or

20  buying a dwelling.  *See, e.g.*, *DuBois v. Ass'n of Apartment Owners of 2987*

21  *Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

22    A plaintiff can allege a violation of the FHA in one of three ways:  by alleging

23  disparate treatment, disparate impact or failure to make accommodations.  *Gamble v.*

24  *City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997).  In order to allege a

25  disparate treatment claim the plaintiff must first establish a prima facie case that she

26  is a member of a protected class and that others similarly situated to the plaintiff were

27  treated differently.  *Id.*; *see also Hayden Lake Recreational Water & Sewer Dist. v.*

28  *Haydenview Cottage, LLC*, 835 F. Supp. 2d 965, 978 (D. Idaho 2011) ("[T]o prevail

1    on a disparate treatment claim, the Plaintiff must demonstrate that the challenged

2    regulation or policy singles out a protected group (in this case, the disabled) and

3    applies different rules to them because of their protected trait.") (citing *Community*

4    *House, Inc. v. City of Boise*, 490 F.3d 1041, 1048 (9th Cir. 2007)).  The burden then

5    shifts to the Defendant to show a legitimate, nondiscriminatory reason for the

6    disparate treatment.  *Gamble*, 104 F.3d at 305.

7    　　　For a disparate impact case, a plaintiff must allege that there were practices in

8    place that, although outwardly neutral, had a "significantly adverse or

9    disproportionate impact on persons of a particular type produced by Defendant's

10   facially neutral acts or practices.  *Gamble*, 104 F.3d at 305.  Thus, Plaintiff must

11   allege that somehow the HOA practices had a significantly adverse or

12   disproportionate effect on the physically disabled.

13   　　　Finally, to allege a "reasonable accommodation" case, the Plaintiff must allege

14   that the HOA "refuses to make reasonable accommodations in rules, policies,

15   practices, or services, where such accommodations may be necessary to afford

16   physically disabled equal opportunity to use and enjoy a dwelling."  *Gamble*, 104

17   F.3d at 306.  Thus, in order to allege a failure to "reasonably accommodate" her,

18   Plaintiff must allege that she gave the HOA notice and an opportunity to

19   accommodate her.  *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 49

20   (2nd Cir. 2012).  Plaintiffs must further allege that "'but for the accommodation, they

21   will likely be deprived of the opportunity to enjoy the housing of their choice.'"  *S.*

22   *Cal. Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d

23   1061, 1066 (C.D. Cal. 2005) (quoting *U.S. v. California Mobile Home Park Mgmt.*

24   *Co.*, 107 F.3d 1374, 1380-81 (9th Cir. 1997)).

25   　　　In this case, Plaintiffs attempt to allege "disparate treatment" and a failure to

26   reasonably accommodate.  (TAC ¶¶109-110, 114.)  However, Plaintiffs fail to "plead

27   enough facts to state a claim to relief that is plausible on its face."  *Twombley*, 550

28   U.S. at 570.  First, although the Plaintiffs allege that Mrs. Smith suffered from an

1    "advanced arthritic condition," they fail to allege that this condition impacted her

2    mobility such that the requirement that she take two elevators made it difficult for

3    her to enter her condominium.   Second, Plaintiffs repeatedly allege a formulaic

4    recitation of the elements of the cause of action, disapproved by *Twombley*.  (*See*

5    TAC ¶106) ("The HOA has engaged in discriminatory housing practices[.]"); (TAC

6    ¶110) ("Plaintiffs were discriminated against by the HOA because of Mrs. Smith's

7    handicap."); (TAC ¶111) ("The HOA engaged in a discriminatory housing act by

8    discriminating against Mrs. Smith in the terms, conditions or privileges in the

9    provision of services or facilities in connection with the Property because of a

10   handicap of Mrs. Smith.")

11          To the extent Plaintiffs allege facts supporting their claim for relief, they claim

12   the HOA deactivated Plaintiffs' access keys which prohibited their access to the

13   condominium common areas purportedly because they failed to pay their overdue

14   homeowners association fees and that this denied Mrs. Smith "use of the elevator that

15   directly accessed her unit.  Instead [she was] forced to engage in additional physical

16   exertion and take more than one elevator to simply go from the garage to her unit and

17   vice versa."   (TAC ¶113.)   These allegations are insufficient to establish either

18   disparate treatment or disparate impact claims.  Plaintiffs have failed to sufficiently

19   allege that Mrs. Smith was a member of a protected class, that others similarly

20   situated to the Plaintiffs were treated differently or that the policy suspending access

21   to the common areas for nonpayment of homeowners fees singles out a protected

22   group and applied different rules to them because of their protected trait.   *See*

23   *Haydenview Cottage*, 835 F. Supp. 2d at 978.  Nor do Plaintiffs allege that the HOA

24   had practices or policies that, although outwardly neutral, had a significantly adverse

25   impact on the disabled.  *Gamble*, 104 F.3d at 305.

26          With respect to the reasonable accommodation claim, Plaintiffs do not allege

27   that they informed the HOA of the difficulty Mrs. Smith was having and the HOA

28   refused to make reasonable accommodation for her disability.  In fact, to the contrary,

1   the Complaint alleges, that when confronted with the problem Mrs. Smith was
2   having, the HOA allowed Mrs. Smith full elevator access.  (TAC ¶114.)
3       Since this Court dismisses the fifth cause of action for a violation of the Federal
4   Fair Housing Act, so too must the seventh cause of action under the California Fair
5   Housing Act fail.  *See Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d at 1068
6   ("An analysis under the [California Fair Housing Act] mirrors the analysis under the
7   federal Fair Housing Act.") (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1131
8   n.8 (9th Cir. 2001)).

9   **V.     CONCLUSION**

10      The Court **GRANTS IN PART** Defendant's Motion to Dismiss (ECF No. 28).
11  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' fifth and seventh
12  causes of action.  The Court declines to take supplemental jurisdiction over the
13  remaining state causes of action and **REMANDS** the case to the State Court for
14  resolution of the remaining claims.  *See Ramirez v. Bank of America Corp.*, No. CV
15  09-7788 DDP (SSx), 2009 WL 5184480, at *1 (C.D. Cal. Dec. 22, 2009) ("After
16  dismissal of all federal claims, a court may decline to exercise supplemental
17  jurisdiction over the remaining state law claims and remand the case *sua sponte* if
18  there exists no independent basis for subject matter jurisdiction.") (citing 28 U.S.C.
19  §§ 1367(c), 1447(c)).

20      **IT IS SO ORDERED.**

21

22  **DATED:  April 13, 2016**

23                                                                      Hon. Cynthia Bashant
                                                                        **United States District Judge**

24

25

26

27

28

– 7 –                                                                                   15cv427